IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY ALEXANDER STEPHENSON, ) | |
| AIS #125975, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-250-T |
| ) | |
| NED ESTES, et al., ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Jerry Alexander Stephenson, a state inmate, alleges that defendants Estes and Douglas improperly recommended revocation of his parole. It is clear from a review of the pleadings filed by Stephenson that the proceedings relevant to the actions about which he complains occurred in Morgan County, Alabama. Morgan County is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

### DISCUSSION

A civil action filed under 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district

---

[1] The plaintiff failed to submit the $250 filing fee nor did he file an application for leave to proceed *in forma pauperis*. However, such omissions are irrelevant at this stage of the proceedings as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

Both of the named defendants reside in the Northern District of Alabama. All of the actions about which the plaintiff complains relate to actions which occurred within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the claims asserted by the plaintiff are beyond the venue of this court. However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that on or before April 11, 2005 the parties shall file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of March, 2005.

      /s/Charles S. Coody
      CHARLES S. COODY
      CHIEF UNITED STATES MAGISTRATE JUDGE